## No. 755

### CLEVELAND RY. CO. v. LAMOS

#### No. 19929. Supreme Court

On motion to certify. Dock. June 26, 1926; 4 Abs. 475.

**829. NEGLIGENCE—Has a railway company committed negligence by so operating a street car as to cause a passenger to fall while standing in said car?**

This action was brought originally in the Cuyahoga Common Pleas by Anna Lamos against the Cleveland Railway Company for damages sustained by reason of the alleged negligent operation of a street car by an employee of the Compnay.

It appears that Lamos was standing in the car and that by reason of an alleged "unnecessary jerk" she lost her balance and fell thereby sustaining personal injuries. Her testimony was unsupported by that of other witnesses and the company produced witnesses who testified that there was no "unnecessary jerk".

The judgment of the Common Pleas in favor of the Company on a directed verdict was reversed by the Court of Appeals on the ground that the case should have been submitted to the jury under the allegation in the petition "that the car started with an unnecessary and unusual jerk".

The Company in the Supreme Court contends:

1. That the scintilla rule does not apply because there was no evidence to show negligence in the operation of the car.

2. That the allegation of an unusua ljerk does not show actionable negligence.

**Attorneys**—Squire, Sanders & Dempsey for Company; E. Davidson for Lamos; all of Cleveland.

---

## No. 756

### SABA, Admr. v. CLEVELAND TRUST CO. et

#### No. 19942. Supreme Court

On motion to certify. Dock. June 29, 1926; 4 Abs. 475.

**573. GIFTS—Inter Vivos—Where an intestate before death delivers bank books and a withdrawal slip to a sister with the intention of making a gift, do the funds represented by the bank books belong to the administrator or the donee?**

This action was brought originally in the Cuyahoga Common Pleas by Susan Stephen in an effort to recover certain money deposited by her deceased sister in two savings accounts.

It appears that the deceased sister prior to her death delivered to Susan Stephen a savings account book and a written order on the Cleveland Trust Co. and a savings account book on The Guardian Savings & Trust Co. The testimony was to the effect that the deceased sister gave the money in the savings accounts to Susan Stephen.

The judgment of the Common Pleas in favor of Susan Stephen was affirmed by the Court of Appeals on the ground that the gift was consummated before death. The administrator in the Supreme Court contends that neither a gift causa mortis or inter vivos was valid and that he is therefore entitled to the money.

**Attorneys**—Sanders, Monahan & Sanders, for Saba; Mooney, McCormick, Roth & Pollock; Sawyer, Cummings & Sawyer, and F. K. Pickering, for Trust Co.; all of Cleveland.

---

## No. 757

### CLEMMER-JOHNSON CO. v. MOSS IRON WORKS CO.

#### No. 19944. Supreme Court

On motion to certify. Dock. June 30, 1926; 4 Abs. 475.

**297. CONTRACTS—Where all writing and contracts for the furnishing of material are between the vendor and contractor, in an action on account may the contractor defend on the ground that its principal was liable because the vendor knew that said material was to be used in the construction of a building for the principal?**

This action was brought originally in the Summit Common Pleas by The J. E. Moss Iron Works Company against The Clemmer-Johnson Company on account for balance due it for merchandise furnished.

It appears that the Botzum Theatres Company without notice to the plaintiff was made a party defendant and thereupon filed an answer and cross petition. The material was furnished to the Clemmer-Johnson Company and the Iron Works Company contends that the Clemmer-Johnson Company was liable for the material.

The judgment of the Common Pleas in directing a verdict in favor of the Iron Works Company was affirmed by the Court of Appeals on the ground that no evidence was offered to support any dealings between the Iron Works Co. and the Theatres Co. and that the written evidence disclosed all contracts to be between Clemmer-Johnson Co. and the Iron Works Co.

The Clemmer-Johnson Company in the Supreme Court contends that the Theatres Company is liable under the account on the theory that the Iron Works Company knew for what purpose and to whom the material was furnished.

**Attorneys**—May & May, and Whittemore & Motz, for Clemmer-Johnson Co.; Cummins, Brouse, Englebeck & McDonald for Iron Works Co.; all of Akron.